# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF CONNECTICUT

TRUSTEES OF LOCAL 371 UNITED
FOOD AND COMMERCIAL WORKERS
UNION AMALGAMATED WELFARE
TRUST FUND and LOCAL
371 UNITED FOOD AND
COMMERCIAL WORKERS UNION,

*Plaintiffs*,

v.

WHITNEY MANOR
OPERATING COMPANY, LLC,

*Defendant*.

Civil Action

No. 3:17-cv-
1897(MPS)

## ORDER ON MOTION FOR ENTRY OF JUDGMENT

Plaintiffs Trustees of Local 371 Amalgamated Welfare Trust Fund and Local 371 United Food and Commercial Workers Union (collectively "Plaintiffs") have moved under Fed. R. Civ. P. 54 and 58 for entry of judgment in the amount of $59,967.05 against defendant Whitney Manor Operating Company LLC ("Whitney Manor") in accordance with the parties' Stipulation of Judgment. (ECF No. 22.) Because the stipulation of dismissal, which was approved by the Court, provides that this Court retains jurisdiction, I have jurisdiction to grant the Plaintiffs' motion. (*See* ECF No. 17 at ¶ 8; ECF No. 19.)

Plaintiffs brought this action against Whitney Manor on November 13, 2017, alleging breach of a collective bargaining agreement in violation of ERISA and the LMRA. (ECF No. 1.) On April 10, 2018, the parties entered into a stipulation of settlement (the "Settlement Stipulation"), which this Court approved and so ordered on April 12, 2018. (ECF Nos. 17, 19.) As noted, the Settlement Stipulation provides that this Court retains jurisdiction. (ECF No. 17 at ¶ 8.) In connection with the Settlement Stipulation, Whitney Manor executed a Stipulation for Judgment (the "Judgment Stipulation") agreeing to judgment against it in the

amount of $189,031.00, less any payments received by plaintiffs prior to entry of the judgment. (ECF No. 20.) This stipulation was held in escrow until August 8, 2011, when plaintiffs filed it on the docket. (*Id*.) The same day, plaintiffs filed a motion claiming that Whitney Manor had breached the Settlement Stipulation and sought entry of the unpaid part of the judgment, or $59,967.05. (ECF No. 22.) Whitney Manor has not filed a response or given any reason why the Settlement Stipulation should not be enforced.

A settlement agreement is a contract that "[o]nce entered into . . . is binding and conclusive." *Powell v. Omnicon*, 497 F.3d 124, 128 (2d Cir. 2007). "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Meetings & Expositions Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974) (citation omitted). "Stipulations of settlement are favored by the courts and not lightly cast aside." *BCM Development, LLC v. Oprandy*, No. 12–573–cv, 2013 WL 174102, at *1 (2d Cir. Jan. 17, 2013) (summary order) (internal quotation marks and citation omitted). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation." *Id.* (internal quotation marks and citation omitted).

The Settlement Stipulation agreed to by the parties here is clear. It provides that plaintiffs' claims against Whitney Manor would be resolved in exchange for, *inter alia*, $189,031 plus counsel fees of $10,000. (ECF No. 17 at ¶¶ 1, 4.) Whitney Manor agreed to make monthly payments of the settlement amount and counsel fees according to a specific schedule through August 2018. (*Id.* at ¶¶ 2, 4.) The Settlement Stipulation further provided that Whitney Manor would provide an executed stipulation of judgment for the entire $189,031 (the Judgment Stipulation) to be held in escrow. (*Id.* at ¶ 6.) If Whitney Manor

defaulted on its monthly payments and failed to timely cure following written notice of the default, the Settlement Stipulation provided that plaintiffs would be "entitled to enter judgment against Whitney Manor in the amount of all outstanding payments then due and owing under this Agreement, plus liquidated damages representing ten (10%) percent of the total amount then due and owing under th[e] Agreement." (*Id.*) In the Judgment Stipulation, Whitney Manor "stipulate[d] that judgment shall enter against Whitney Manor and in favor of the Plaintiffs in the amount of $189,031.00, less any payments received by Plaintiffs from Whitney Manor in this case prior to the entry of such judgment, which shall be determined at the time for filing judgment . . . ." (ECF No. 20.)

Plaintiffs have demonstrated that Whitney Manor breached the Settlement Stipulation. Specifically, according to plaintiffs' declaration, defendants failed to make the July 2018 settlement payment for $24,757.75 and the July 2018 counsel fee payment for $2,500. (ECF No. 22-2, Declaration of John G. Radshaw ("Radshaw Decl.") at ¶ 6; ECF No. 17 at ¶¶ 2, 4.) Plaintiff's counsel gave notice to Whitney Manor's counsel to cure the default, and Whitney Manor failed to timely cure.[1] (Radshaw Decl. at ¶ 8.) Accordingly, plaintiffs became "entitled to enter judgment against Whitney Manor in the amount of all outstanding payments then due and owing under th[e] Agreement, plus liquidated damages representing ten (10%) percent of the total amount then due and owing under this Agreement." (ECF No. 17 at ¶ 6.) Plaintiffs then filed the Stipulated Judgment with the Court on August 10, 2018, in which Whitney Manor agreed that judgment would enter against it in the amount of $189,031.00, less any payments received at the time of filing the judgment. (ECF No. 20.) Plaintiffs

---

[1] I assume that the longer of the two notice provisions, the 10-day provision, would apply to failure to make payments of counsel fees specified in paragraph 4 of the Settlement Stipulation, but both periods have long since lapsed without cure. (ECF No. 17 at ¶ 6.)

indicate that the remaining amount unpaid at this time was (i) the July 2018 payment of $24,757.75; (ii) the July 2018 counsel fee payment of $2,500; (iii) the August 2018 payment of $24,757.75; and (iv) the August 2018 counsel payment of $2,500. (Radshaw Decl. at ¶ 11.) Each of these payments are clearly mandatory under paragraphs 2 and 4 of the Settlement Stipulation. (ECF No. 17 at ¶¶ 2, 4.) These payments total $54,515.50, and because the Settlement Stipulation further entitles plaintiffs to liquidated damages of 10% of that amount, or $5,451.55 (ECF No. 17 at ¶ 6), the Court agrees that the total amount due under the Settlement Stipulation is $59,967.05.

Accordingly, based on the Settlement Stipulation (ECF No. 17) and the Judgment Stipulation (ECF No. 20), I GRANT Plaintiffs' unopposed Motion for Entry of Judgment (ECF No. 22).[2] I direct the Clerk's Office to enter a judgment in favor of Plaintiffs and against Defendant in the amount of $59,967.05.

IT IS SO ORDERED.

_____/s/_____

Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut

          October 5, 2018

---

[2] As ECF No. 22 is a corrected motion, the non-corrected motion is DENIED as moot. (ECF No. 21)